## Daniel Carney v. Owen O'Neil.

*Declaration: Money paid to use of defendant: Special contract: Covenant against incumbrances.* One who has voluntarily paid a mortgage upon land conveyed to him by a deed containing a covenant against encumbrances, cannot recover the amount thereof of his grantor upon the general count for money paid to his use; where there is a special contract between the parties, there can be no recovery upon a general count for money paid to the use of defendant, except in cases, where there could have been a recovery in the absence of any special contract.

*Heard July 16. Decided July 22.*

Error to Kalamazoo Circuit.

*William Fletcher*, for plaintiff in error.

*Robert F. Hill*, for defendant in error.

GRAVES, J.

Carney sued O'Neil before a justice, upon the common count for money paid to his use, and O'Neil pleaded the general issue.   In order to establish his cause of action Carney was allowed, under objection, to put in evidence a deed to himself from O'Neil and wife, conveying a farm, and containing a covenant against incumbrances, and also a prior mortgage upon the farm, given by O'Neil to one Hayden to secure eighty-five dollars and interest, and which, by the terms of the mortgage, O'Neil was at liberty to pay in money on or before the first day of December, 1863, or in lieu thereof, in ditching eighty-five rods on such parts or places of two specified sections as Hayden should direct. Carney then testified that before suit he paid to the holder of the mortgage the amount called for by it, less about forty dollars, which had been paid before, and that he had never been requested by O'Neil to make such payment, and had never been promised repayment by him.   On this showing the justice gave judgment in favor of Carney, and the court below reversed the judgment, on *certiorari*.   The case is now brought here on writ of error to reverse the judgment of the circuit court.

We think the judgment of the court below was correct.

The covenant against incumbrances contained in the deed was not mere matter of inducement or explanation, but was the foundation and gist of the plaintiff's claim. His cause of action was on it.   Without that covenant, and evidence that Carney had an interest in the land under the deed from O'Neil when the payment was made, there must have been a total lack of proof that the payment was other than voluntary, and a lack of proof that it was made to O'Neil's use.   The declaration, then, should have been so far special as to exhibit the claim as founded on the covenant.

CARNEY *v.* O'NEIL.

The case appears to have been within the general rule which allows a recovery on the general count, where a special contract exists, *only* when the case is such that, supposing there had been no special contract, the plaintiff might still have made out a ground of recovery. Such appears to be the established rule of law, and we are not at liberty to depart from it upon any view of our own of its substantial propriety.

The judgment of the circuit court must be affirmed, with costs.

The other Justices concurred.